UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**CHARLENE LYNN ROTONDO,**
*as Trustee of the Charlene Lynn*
*Rotondo Trust*,

      Plaintiff,

v.                                                                    Case No. 8:26-cv-00618-WFJ-CPT

**WRIGHT NATIONAL FLOOD**
**INSURANCE COMPANY**,

      Defendant.

_____/

## ORDER

Before the Court is Defendant Wright National Flood Insurance Company's ("Wright") Motion to Dismiss the Complaint. Dkt. 9. Plaintiff Charlene Lynn Rotondo, as Trustee of the Charlene Lynn Rotondo Trust, has responded in opposition. Dkt. 12. Upon careful consideration, the Court grants Defendant's motion to dismiss with prejudice.

## BACKGROUND

This case concerns Defendant Wright's partial denial of Plaintiff Rotondo's flood insurance claim following Hurricane Helene. Plaintiff owns the real property located at 316 16th Ave., Indian Rocks Beach, Florida 33785 (the "Property"). Dkt. 1 ¶ 13. Wright insured the Property under a Standard Flood Insurance Policy ("SFIP"

or the "Policy") bearing policy number 09115178252705. *Id.* ¶¶ 3, 11–12. Wright is a Write-Your-Own insurance carrier and issued the Policy pursuant to the National Flood Insurance Program ("NFIP"). *Id.* ¶¶ 3, 5–6. The Federal Emergency Management Agency ("FEMA") administers the NFIP under the National Flood Insurance Act, 42 U.S.C. § 4001 *et seq*. *Id*. ¶¶ 3–8. Under the Policy, Wright and FEMA agreed to pay Plaintiff "for direct physical loss by or from flood to your insured property" under certain conditions, one of which is that Plaintiff must "[c]omply with all terms and conditions" of the Policy. Dkt. 1-1 at 2.

On or about September 26, 2024, the Property sustained damage from Hurricane Helene's flood waters (the "Loss"). Dkt. 1 ¶ 14. Plaintiff made a claim for payment under the Policy for damages sustained as a result of the Loss, to which Wright assigned claim number 2411060. Dkt. 9-4 at 3. On January 17, 2025, Wright sent a partial denial letter to Plaintiff, denying payment for Plaintiff's upper kitchen cabinets "[s]ince the upper cabinets were not directly damaged by floodwaters [and] their replacement to match the lower cabinets is not covered under the SFIP." *Id.* (emphasis omitted). The partial denial letter also reminded Plaintiff that "[i]f you disagree with our decision, you have the option to appeal our decision directly with" FEMA and attached a copy of FEMA's Policyholder Rights document. *Id.* at 4–6. The attached FEMA "Policyholder Rights" document advised Plaintiff of her rights, including a right to appeal the insurer's decision and "file suit in the Federal District

2

Court where the damage occurred within one year of when your insurer first denied all or part of your claim." *Id.* at 5.[1]

However, on or about September 26, 2025, Plaintiff filed a supplemental claim with Wright. Dkt. 12-1 ¶ 5. On December 15, 2025, this supplemental claim "for the replacement of tile due to debonding, cracking[,] and tenting" was denied by Wright as "undamaged by flood water." Dkt. 12-1 at 4–5. Again, the second partial denial letter reminded Plaintiff that Wright's decision could be appealed to FEMA and attached FEMA's Policyholder Rights document. *Id.* at 5–7.

Plaintiff filed suit on March 10, 2026, bringing a single breach of contract claim. *See* Dkt. 1 ¶¶ 18–28. On May 8, 2026, Wright filed the instant motion to dismiss, arguing Plaintiff's lawsuit was not filed within one year of Wright's partial denial of her flood insurance claim on January 17, 2025, and is therefore barred by the applicable statute of limitations. Dkt. 9 at 2.

---

[1] Ordinarily, when ruling upon a motion to dismiss, a court considers only the "four corners of the complaint" and the exhibits attached to the complaint. *Keating v. City of Miami*, 598 F.3d 753, 762 (11th Cir. 2010); *see Turner v. Williams*, 65 F.4th 564, 583 n.27 (11th Cir. 2023). However, under the doctrine of incorporation by reference, a court may also consider a document outside the four corners if it "is central to the plaintiff's claims and is undisputed in terms of authenticity," regardless of whether it is "mentioned in" or "attached to" the complaint. *Maxcess, Inc. v. Lucent Techs., Inc.*, 433 F.3d 1337, 1340 n.3 (11th Cir. 2005); *see Johnson v. City of Atlanta*, 107 F.4th 1292, 1299–1300 (11th Cir. 2024). Here, the denial letters attached to Defendant's motion to dismiss and Plaintiff's opposition response are central to Plaintiff's breach of SFIP claim, as the Complaint references Wright's denial of Plaintiff's flood insurance claims multiple times and the attachments' authenticity is not disputed by Plaintiff. Dkt. 1 ¶¶ 16, 19, 20, 21; *see also Raulerson v. Am. Strategic Ins. Corp.*, No. 8:25-CV-00407-WFJ-AAS, 2025 WL 1133767, at *2 (M.D. Fla. Apr. 17, 2025) (considering denial letter attached to insurer's motion to dismiss in breach of SFIP claim); *Price v. Wright Nat'l Flood Ins. Co.*, No. 2:24-CV-914-SPC-KCD, 2025 WL 487627, at *1 (M.D. Fla. Feb. 13, 2025) (same); *Potter-Martino v. Am. Bankers Ins. Co. of Fla.*, No. 8:26-CV-00508-WFJ-AEP, 2026 WL 982818, at *2 n.2 (M.D. Fla. Apr. 13, 2026) (same).

## LEGAL STANDARD

A complaint withstands dismissal under Federal Rule of Civil Procedure 12(b)(6) if the alleged facts state a claim for relief that is "plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). This standard does not require detailed factual allegations but demands more than an unadorned accusation. *Id.* All facts are accepted as true and viewed in the light most favorable to the plaintiff. *Pielage v. McConnell*, 516 F.3d 1282, 1284 (11th Cir. 2008). At the dismissal stage, a court considers only the four corners of the complaint and the exhibits attached to the complaint in a motion to dismiss. *See Turner v. Williams*, 65 F.4th 564, 583 n.27 (11th Cir. 2023). However, "a document outside the four corners of the complaint may . . . be considered" as incorporated by reference if the document "is central to the plaintiff's claims and is undisputed in terms of authenticity," regardless of whether it is "mentioned in" or "attached to" the complaint. *Maxcess, Inc. v. Lucent Techs., Inc.*, 433 F.3d 1337, 1340 n.3 (11th Cir. 2005); *see Johnson v. City of Atlanta*, 107 F.4th 1292, 1299–1300 (11th Cir. 2024).

## DISCUSSION

Based on a careful review of the pleadings, the Court grants Wright's motion to dismiss. As discussed below, Plaintiff's breach of contract claim is time-barred and must be dismissed.

4

In a flood-insurance dispute, a plaintiff must institute an action "within one year after the date of mailing of notice of disallowance or partial disallowance" of the claim. 42 U.S.C. § 4072. Specifically, Section 4072 provides:

> In the event the program is carried out as provided in [42 U.S.C. §] 4071 of this title, the Administrator shall be authorized to adjust and make payment of any claims for proved and approved losses covered by flood insurance, and upon the disallowance by the Administrator of any such claim, or *upon the refusal of the claimant to accept the amount allowed upon any such claim, the claimant, within one year after the date of mailing of notice of disallowance or partial disallowance by the Administrator, may institute an action against the Administrator on such claim in the United States district court for the district in which the insured property or the major part thereof shall have been situated*, and original exclusive jurisdiction is hereby conferred upon such court to hear and determine such action without regard to the amount in controversy.

42 U.S.C. § 4072 (emphasis added); *see also* 44 C.F.R. § 62.22(a); 44 C.F.R. Pt. 61, App. A(1), Art. VII(O). A similar one-year limitation period appears in Part VII.O. of the SFIP "Dwelling Form" policy:

> **If you do sue, you must start the suit within one year after the date of the written denial of all or part of the claim, and you must file the suit in the United States District Court of the district in which the insured property was located at the time of loss. This requirement applies to any claim that you may have under this policy and to any dispute that you may have arising out of the handling of any claim under the policy.**

Dkt. 1-1 at 23 (emphasis in original). "A denial letter from the insurer is a proper disallowance that triggers the one-year limitation period." *Potter-Martino v. Am. Bankers Ins. Co. of Fla.*, No. 8:26-CV-00508-WFJ-AEP, 2026 WL 982818, at *3

5

(M.D. Fla. Apr. 13, 2026); *see Koster LLC v. Hartford Ins. Co. of the Midwest*, No. 25-60993-CIV, 2026 WL 413733, at *4 (S.D. Fla. Feb. 14, 2026) (collecting district court cases in the Eleventh Circuit unanimously agreeing that "a partial denial letter is a proper disallowance that triggers the one-year limitation period").

Here, the math is simple and unforgiving. Wright issued its partial denial letter on January 17, 2025, Dkt. 9-4 at 3, and Plaintiff acknowledges that she received the partial denial letter. Dkt. 12-1 ¶ 4. That letter and the attached FEMA Policyholder Rights document explicitly warned Plaintiff that if she wished to file a lawsuit, she had to do so within one year in the United States District Court where the Property was located. Dkt. 9-4 at 4–5. Plaintiff filed suit in federal court on March 10, 2026. *See generally* Dkt. 1. The time between the denial letter and the commencement of this action is approximately 417 days—past the one-year jurisdictional deadline. Consequently, Plaintiff's breach of contract claim is time-barred under 42 U.S.C. § 4072.

Plaintiff resists this conclusion, contending that "Plaintiff made a supplemental claim [for the replacement of her tile flooring], which tolled the time for Plaintiff to file suit." Dkt. 12 at 5. The Court disagrees, as district courts in the Eleventh Circuit agree that the *first* full or partial denial of a plaintiff's flood claim triggers the one-year limitations period to file suit. *See Butler v. Hartford Ins. Co. of the Midwest*, No. 8:26-CV-745-VMC-NHA, 2026 WL 1529395, at *3 (M.D. Fla.

June 1, 2026) (collecting cases showing that a partial denial letter is a partial disallowance for purposes of the statute of limitations, "even where the adjusting process continues after the partial denial"); *Koster*, 2026 WL 413733, at *5 (collecting cases showing that "courts routinely hold that denial letters trigger the limitations period even when additional documentation is subsequently submitted or the adjusting process continues"). Indeed, "[b]eing allowed to submit a supplemental request . . . does not change the statute nor the [NFIP], which on their face did not purport to extend, waive, or toll the limitations period." *Martini v. Am. Bankers Ins. Co. of Fla.*, No. 2:24-CV-904-JES-KCD, 2025 WL 1018394, at *4 (M.D. Fla. Apr. 4, 2025). Plaintiff does not cite, and the Court cannot find, any contrary authority holding that a supplemental claim for additional flood damage will toll or extend the limitations period under 42 U.S.C. § 4072.

Moreover, the Policyholder Rights document attached to the January 17, 2025 denial letter also stated that the one-year statute of limitations begins "when your insurer *first* denied all or *part* of your claim." Dkt. 9-4 at 5 (emphasis added). Again, the first partial denial of Plaintiff's flood claim, stemming from the single flood event caused by Hurricane Helene, was the January 17, 2025 denial letter. *See McInnis v. Liberty Mut. Fire Ins. Co.*, No. 22-30022, 2022 WL 4594609, at *2 (5th Cir. Sept. 30, 2022) ("A policyholder has only one claim from a flood event regardless of the number of proofs of loss and amount of documentation the

policyholder may submit in support of that claim." (quoting FEMA, National Flood Insurance Program Claims Manual at 68 (Oct. 2021))). Regardless of any subsequent denial by Wright in December 2025, "the limitations period was not waived, extended, or re-triggered by the subsequent, supplemental requests and the resulting denial letters." *Hawk v. Hartford Ins. Co. of the Midwest*, No. 2:24-CV-823-JES-NPM, 2025 WL 326668, at *7 (M.D. Fla. Jan. 29, 2025).

Therefore, in light of the overwhelming legal authority and the documents central to Plaintiff's breach of contract claim, the Court concludes that the one-year limitation period was triggered by Wright's partial denial of Plaintiff's flood insurance claim on January 17, 2025. The Complaint, filed more than 13 months after the partial denial, is time-barred under 42 U.S.C. § 4072.

## CONCLUSION

"The rules governing the National Flood Insurance Program are exacting, but they are known." *Agostino v. Monarch Nat'l Ins. Co.*, No. 2:24-CV-957-KCD-DNF, 2026 WL 668331, at *3 (M.D. Fla. Mar. 10, 2026). Accordingly, it is hereby **ORDERED** and **ADJUDGED** that:

1. Defendant Wright's Motion to Dismiss, Dkt. 9, is **GRANTED**.

2. Plaintiff Charlene Lynn Rotondo's Complaint, Dkt. 1, is **DISMISSED with prejudice as time-barred.**

3. The Clerk is directed to **TERMINATE** all pending deadlines and motions and **CLOSE** this case.

**DONE AND ORDERED** at Tampa, Florida, on June 3, 2026.

*/s/ William F. Jung*
**WILLIAM F. JUNG**
**UNITED STATES DISTRICT JUDGE**

<u>**COPIES FURNISHED TO**</u>:
Counsel of Record